FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 14 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50561 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-02813-LAB |
| v. | |
| GABRIEL VALENZUELA-SAINZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Gabriel Valenzuela-Sainz appeals from the 60-month sentence imposed

following his guilty-plea conviction for importation of cocaine, in violation of

21 U.S.C. §§ 952 and 960.  Our jurisdiction is governed by 28 U.S.C. § 1291, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

JC/Research

we dismiss.

Valenzuela-Sainz contends the district court erred by failing to recommend him to the Bureau of Prisons' ("BOP") 500-hour residential treatment program for substance abuse. Authority to determine whether a prisoner enters a residential treatment program resides in the executive branch of the government and is delegated to the BOP. *See* 18 U.S.C. § 3621(b), (e); *see also Downey v. Crabtree*, 100 F.3d 662, 666 (9th Cir. 1996) ("[The BOP] has broad discretion over the entire drug-treatment process within the federal corrections system, beginning with determining which inmates ever enter substance-abuse programs."). Because eligibility and referral to the residential substance abuse treatment program is not within the district court's authority, we have no jurisdiction to consider Valenzuela-Sainz's claim on appeal.

**DISMISSED.**